

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2002

# Jackson v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4251

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Jackson v. Comm Social Security" (2002). *2002 Decisions*. Paper 356.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/356

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 01-4251

———————————

JOYCE R. JACKSON,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. No. 00-cv-03203)
District Judge: Joseph A. Greenaway, Jr.

———————————

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2002

BEFORE:  NYGAARD, BARRY, and MAGILL, Circuit Judges.

(Opinion Filed  June 13, 2002)

———————————

OPINION OF THE COURT

———————————

MAGILL, Circuit Judge.

Joyce Jackson seeks review of the District Court's determination that the Administrative Law Judge's ("ALJ") ruling was supported by substantial evidence when he found that Jackson was not disabled in accordance with the Social Security Act. Jackson has not engaged in substantial gainful activity since July 18, 1993, and alleges that she became disabled in February 1993 due to a severe fracture of the scapula.

Our role as a reviewing court is limited to determining whether the Commissioner's decision is supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation and citation omitted); see also 42 U.S.C.   405(g), 1383(c)(3).  We are bound by the ALJ's findings of fact if they are supported by substantial evidence in the record.  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

Jackson challenges the ALJ's decision on essentially two grounds.  We have carefully considered Jackson's arguments and find that they lack merit.  In particular, we agree with the District Court that the ALJ does not bear the burden of establishing that Jackson's past relevant work is "substantial gainful activity" or that she performed the job for a significant period of time.  See Wallace v. Sec'y of HHS, 722 F.2d 1150, 1153 (3d Cir. 1983) (per curiam).  Further, it is well within the discretion of the ALJ to discount the opinion of Dr. Mylod, who did not examine Jackson, in relation to the testimony of Dr. Ahamed and Dr. Schwartz, both of whom did examine Jackson and reached the same

conclusion, i.e., that Jackson was capable of performing her past relevant work.  See 20 C.F.R.  404.1527(d)(1).

For the reasons substantially stated in the well-reasoned and thorough opinion of the District Court, we find that the ALJ's decision was supported by substantial evidence and we therefore affirm.

_____

FOR THE COURT:

/s/   Frank Magill
United States Circuit Judg